Paul C. Beuss, J.
Chapter 969 of the Laws of 1961 is a special act of the Legislature conferring jurisdiction upon this court to hear and determine the claim of the Village of Seneca Palls against the State. Pursuant to that act this claim was duly filed on September 26, 1961.
According to the undisputed proof, in 1959, under emergency conditions, the claimant reconstructed a bridge to replace a bridge originally constructed by the State (partly by State aid) spanning the Seneca Biver and the Seneca Canal of the Barge Canal System. While the State Department of Public Works approved the plans and specifications there was then no precise statute authorizing the State to pay any part of the cost thereof. By this enabling act the State has agreed to pay that portion of the cost of the bridge which the length thereof over the State canal lands bears to the entire length of the bridge. The proof indicates that the entire length of the bridge was 399.2 feet and that 121 feet thereof was over State canal lands. The total cost of the bridge was $381,246.89. The State’s share, 30.3% of the total is $115,517.84.
At the close of the case, the State has moved to dismiss the claim upon the grounds that the enabling act is unconstitutional.
The State could have agreed, by statute, to pay a part of the cost of the construction or reconstruction of the bridge. (E.g., L. 1946, ch. 944.) It is a well-known and settled rule that it is within the competence of the Legislature to validate retrospectively any action it might prospectively authorize. This is all this legislation in effect, purports to do. In addition, this was an emergency situation according to the proof. This is not a grant of public moneys to a private undertaking. Under these circumstances no constitutional bar has been violated. (Cf. Ausable Chasm Co. v. State of New York, 266 N. Y. 326.)
I hold the act constitutional and award judgment to claimant in the sum of $115,517.84.